Filed 7/30/15  P. v. Brown CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E062707 |
| v. | (Super.Ct.No. FSB1400170) |
| KEVIN CHEVELL BROWN, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County.  William Jefferson Powell, Judge. Affirmed.

Joshua M. Mulligan, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Defendant and appellant Kevin Chevell Brown entered a plea agreement and pled guilty to one count of assault by means of force likely to produce great bodily injury.

1

(Pen. Code[1], § 245, subd. (a)(4).)  The parties stipulated that the police reports provided a factual basis for the plea.  Defendant was sentenced immediately.  In accordance with the plea agreement, the court sentenced defendant to four years in state prison, but suspended the sentence and placed him on probation for a period of three years, under specified terms.  The terms included the requirement that he serve 365 days in county jail.  He was given 16 days of custody credit.  The court subsequently found defendant in violation of his probation and imposed the four-year prison sentence.

Defendant filed a timely notice of appeal, challenging the finding that he violated his probation.  We affirm.

PROCEDURAL BACKGROUND

Pursuant to a plea agreement, defendant pled guilty to assault by means of force likely to produce great bodily injury.  (§ 245, subd. (a)(4).)  At sentencing, the court sentenced him to four years in state prison, but suspended execution of the sentence.  On January 24, 2014, the court placed him on probation for a period of three years, with one of the conditions being that he serve 365 days in county jail.  The court confirmed with defendant that he read all of the terms of probation, that he understood them, that he signed them, and that he received a copy of them.  The court asked defendant if he had any questions about any of them, and defendant said no.  The court then asked if he accepted all the terms of probation, and he said yes.  Probation condition No. 3 required defendant to "[r]eport to the Prob[ation] officer in person immediately upon release from

_____

[1] All further statutory references will be to the Penal Code, unless otherwise noted.

2

custody and thereafter once every fourteen (14) days or as directed." The court reminded defendant that it sentenced him to four years in state prison, and if he violated probation and the court decided to send him to prison, it would be for four years. Defendant agreed.

On July 10, 2014, defendant reported to the probation department for orientation and assessment. He was again provided with a copy of the terms of his probation.

On July 18, 2014, defendant reported to probation for his weekly check in. After that, defendant did not return to the probation office.

On August 29, 2014, a petition to revoke defendant's probation was filed, alleging that he failed to comply with probation condition No. 3.

On January 9, 2015, the court held a probation revocation hearing. Probation Officer Nicholas Trujillo testified that he was assigned to write a supplemental report on defendant, after defendant had been arrested on a bench warrant. Prior to writing the report, he reviewed defendant's probation file, and it was the probation department's policy to document every contact it had with a particular probationer in the Caseload Explorer file system. Officer Trujillo confirmed that one of defendant's probation conditions required him to report to probation every 14 days, or as directed. Officer Trujillo testified that defendant reported on July 10, 2014 for orientation, but he was not assigned a probation officer that day. Probation officers were assigned geographically, depending on where the probationers lived, and defendant reported that he was homeless. Officer Trujillo testified that homeless probationers were told to report every week. Defendant reported to the probation office on July 18, 2014, and saw the "officer of the

3

day." Officer Trujillo explained that the officer of the day was assigned to see any probationer who reported if their probation officer was not present or out in the field. Defendant did not report after that. On cross-examination, Officer Trujillo testified that there was no note in defendant's file saying that the probation officer told defendant to report weekly.

Defendant testified on his own behalf at the hearing. He said that he reported to probation the day after he was released from custody. He spoke to a woman who explained probation to him and talked about food stamps. Defendant testified that he went back to probation the following week because he was instructed to follow up about the food stamps. However, he said that when he was there, he did not ask about the food stamps, but just "asked about probation." On cross-examination, defendant testified that, when he initially reported to probation, he said he was homeless, but they did not tell him to come back at a certain time. Rather, he was told to come back the following week, just for food stamps. Defendant testified that, after he left the probation office the second time, he did not think he ever needed to go back. When asked if he remembered getting a copy of his probation conditions, he said "yeah . . . when the Judge gave it to me." When asked whether he had been on probation before, defendant said no.

After hearing testimony and arguments from counsel, the court stated that it appeared that defendant was sufficiently advised of his obligation to report to probation. The court noted that defendant admitted on the witness stand that he was given a copy of his probation conditions. Those conditions ordered him to report immediately upon release, which he did, and to report once every 14 days or as directed. The court noted

4

that there was no information in any file that defendant was given a new order telling him not to continue reporting. The court then found defendant in violation of his probation.

DISCUSSION

Defendant appealed and, upon his request, this court appointed counsel to represent him. Counsel has filed a brief under the authority of *People v. Wende* (1979) 25 Cal.3d 436 and *Anders v. California* (1967) 386 U.S. 738, setting forth a statement of the case and a few potential arguable issues: (1) whether there was sufficient evidence to find that defendant violated the probation condition requiring him to report "every 14 days or as directed"; (2) whether defendant's due process right to confront witnesses at a *Vickers*[2] hearing was violated when the prosecution used hearsay evidence and did not produce the probation officer who personally interacted with him; (3) whether the caseload explorer records lacked sufficient indicia of reliability to be used as evidence in a *Vickers* hearing, thereby violating his due process right to a fair hearing; and (4) whether the court abused its discretion in imposing the suspended prison sentence, when evidence of the violation was minimal, the probation department recommended reinstating him on probation, and the only violation was a failure to report. Counsel has also requested this court to undertake a review of the entire record.

We offered defendant an opportunity to file a personal supplemental brief, which he has done. In a brief, handwritten letter, defendant asserts that he was not informed that he had to check in every week. He states that he reported to probation upon release

---

[2] *People v. Vickers* (1972) 8 Cal.3d 451.

5

from custody and was told to return the following week, which he did. Defendant argues that he does not feel he should be punished for the probation department not doing its job correctly. He complains that he was never able to speak with his probation officer, but only with the officer of the day. Defendant claims that, when he asked the officer of the day about reporting, the officer said defendant "was done." Thus, defendants feels that his conviction should be dismissed because he was not given a fair opportunity to comply with his probation terms, since he was told he no longer needed to report.

The record shows that, at the time of sentencing, the court confirmed with defendant that he read, understood, and accepted all of the probation terms. He also acknowledged that he received a copy of them. The court gave defendant a chance to ask any questions he had about his probation terms, but he had no questions. The record shows that probation condition No. 3 clearly required defendant to "[r]eport to the Prob[ation] officer in person immediately upon release from custody and thereafter once every fourteen (14) days or as directed." Moreover, at the probation revocation hearing, defendant testified that the judge gave him a copy of his probation terms. In addition, contrary to defendant's claim, the court stated there was no evidence that defendant was told not to continue reporting. We further note that the evidence shows defendant had seven prior felony convictions, dating back to 1993. He had been on probation five times, and his probation was revoked three times. Thus, defendant was clearly familiar with the criminal justice system and with being on probation. Ultimately, defendant was responsible for complying with his probation conditions, and the evidence demonstrated that he simply failed to do so.

6

Pursuant to the mandate of *People v. Kelly* (2006) 40 Cal.4th 106, we have conducted an independent review of the record and find no arguable issues.

<u>DISPOSITION</u>

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

<u>HOLLENHORST</u>
J.

We concur:

<u>RAMIREZ</u>
P. J.

<u>CODRINGTON</u>
J.

7